RICHARD A. HUBELL, ESQ. (RAH 2306)
HUBELL & ASSOCIATES LLC
ATTORNEYS FOR PLAINTIFFS
100 PARK AVENUE, 20th FLOOR
NEW YORK, NEW YORK 10017
(212) 682-7195



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RAG JAW LLC AND ROBERT ADELMAN M.D.,

                        Plaintiffs,

                -Against-

PERMANENT MISSION OF THE REPUBLIC OF NAMIBIA,
FEDERATION DEVELOPMENT CORPORATION,
RYBAK DEVELOPMENT, INC. a/k/a RYBAK DEVELOPMENT
and CONSTRUCTION CORPORATION, LMW ENGINERING GROUP,
ROBERT SILMAN ASSOCIATES, P.C., DAVID SMOTRICH &
PARTNERS, LLP ARCHITECTS/PLANNERS and JOHN DOE 1-10,
said names being fictitious, their true names and identities as yet unknown.

                        Defendants.
-----------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL**
**DEMANDED**
Civil Action No.:

      Plaintiffs Rag Jaw LLC and Robert Adelman, M.D. by their counsel, Hubell & Associates LLC, complaining of Defendants, allege the following upon information and belief:

### THE PARTIES

1.    Plaintiff Rag Jaw LLC (hereinafter "Rag Jaw") is a limited liability company organized under the laws of the State of Delaware and is the owner of the real property and the building thereon, located at 133 East 36th Street, New York, New York 10016 (the "Subject Premises" and/or "Rag Jaw Property").

2.      The Plaintiff Robert Adelman M.D. (hereinafter "Adelman) is a resident of the State of New York and pursuant to written lease had his primary residence prior to acts alleged herein at 133 East 36th Street, New York, New York 10016.

3.      At all times material hereto, the Defendant Permanent Mission of the Republic of Namibia (hereinafter "Mission" or "Owner"), is a foreign mission and/or consulate located at 360 Lexington Avenue, Suite 1502, New York, New York 10017.

4.      At all times material hereto, the Defendant Federation Development Corporation (hereinafter "Contractor" or "Federation"), was and is a corporation, duly organized and existing under the laws of the State of New York, having a principal place of business located at 20 East 46th Street, Suite 903, New York, New York 10017.

5.      At all times material hereto, the Defendant Rybak Development, Inc. a/k/a Rybak Development and Construction Corporation (hereinafter "Subcontractor" or "Rybak"), was and is a corporation, duly organized and existing under the laws of the State of New York, having a principal place of business located at 2666 East 24th Street, Suite 1A, Brooklyn, New York 11235-2610

6.      At all times material hereto, LMW Engineering Group ("LMW") was and is a business entity with a principal place of business located at 2539 Brunswick Avenue, Linden, New Jersey 07036.

7.      At all times material hereto, Defendant LMW conducted business within the State of New York.

8.      At all times material hereto, Defendant LMW advertised its business, services and/or products within the State of New York.

9.      At all times material hereto, Defendant LMW availed itself to the benefits and profits of selling and distributing its services within the State of New York.

10.     At all times material hereto, Defendant Robert Silman Associates, P.C. ("Silman") was and is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business at 88 University Place, New York, New York 10003.

11.     At all times material hereto, Defendant David Smotrich & Partners, LLP Architects/Planners ("Smotrich") was and is a Limited Liability Partnership organized and existing under the laws of the State of New York, with a principal place of business at 443 Park Avenue South, New York, New York 10016.

12.     At all times material hereto, the Defendants, John Doe 1-10 said names being fictitious their true names as yet unknown, were the Professionals and Subcontractors working on the Project.

## JURISDICTION AND VENUE

13.     This is an action for 1) negligence, 2) nuisance, 3) trespass and 4) *res ipsa loquitur*.

14.     This Court has subject matter jurisdiction over the PERMANENT MISSION OF THE REPUBLIC OF NAMIBIA pursuant to Section 1330 of the Judicial Code, 28 U.S.C. Section 1330 because it is an action against a Foreign State and subject matter jurisdiction over the remaining claims under Section 1367(a) of the Judicial Code, 28 U.S.C. Section 1367(a) because those claims are so related to the Federal claim in which the Court has original jurisdiction that

they form part of the same case or controversy under Article III of the United States Constitution.

15.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

16.     The Defendant Mission is the owner of the property located immediately adjacent to and sharing the party wall with the Subject Premises, known and described as 135 East 36th Street, New York, New York.

17.     The Defendant Mission engaged in commercial activities and in the construction of a building at 135 East 36th Street (hereinafter "the Project").

18.     The Defendant Mission contracted with Defendant Federation as the General Contractor for the Project.

19.     The Defendant Federation and/or Defendant Namibia contracted with Defendant Rybak as one sub-contractor involved in the Project. Defendant Rybak was to provide masonry and /or structural services for the Project.

20.     The Defendant Federation and/or Defendant Namibia contracted with Defendant Smotrich to provide services in relation to the Project

21.     The Defendant Federation and/or Defendant Namibia contracted with co-Defendant LMW to provide engineering services for the Project

4

22. The Defendant Federation and/or Defendant Namibia contracted with co-Defendant Silman to provide engineering services for the Project.

23. Part of the Defendants' Project comprised of the construction of a reinforced concrete (or shear) wall between the Subject premises and the Mission's property. An existing brick and mortar party wall separated the two properties. The structural support beams of 133 East 36th Street rested on the masonry party wall.

24. On or about December 15, 2008, while Rybak and/or others poured the reinforced concrete wall along the rear section of the 5th floor between the two properties, the existing brick party wall collapsed, causing substantial damage to the subject premises.

25. On or about April 9, 2009 as a result of the project and because of the accumulation of cement, construction debris and/or other material emanating from the Project, a substantial amount of water entered the Rag Jaw Property causing substantial damage to Plaintiffs' property.

26. Upon information and belief, the Project was inherently dangerous and/or ultra hazardous activity.

27. On or about December 15, 2008 and on or about April 9, 2009 and for a substantial period thereafter, Plaintiffs Rag Jaw and Adelman sustained and incurred substantial damages.

## AS AND FOR A FIRST CAUSE OF ACTION - NEGLIGENCE

28. Plaintiffs repeat each and every allegation contained in those paragraphs of the Complaint numbered 1 through 27, inclusive, with the same force and effect as though fully and at length set forth herein.

29. The damages incurred by Plaintiffs were caused and resulted from the Defendants' Project and work and their respective acts of negligence, carelessness and gross negligence, which consisted specifically of, but is not limited to, the following:

1. carelessly and negligently performing their work and/or providing their services at the property;

2. permitting a dangerous and hazardous condition to exist even though Defendants knew, or should have known, that such condition existed and posed a significant risk of harm to Plaintiffs and the subject premises;

3. failing to hire proper and adequate employees;

4. failing to perform their work and/or provide their services at the subject premises in conformity with good practice, industry standards and due care;

5. failing to properly warn Plaintiffs of the dangerous conditions which they knew, or should have known existed and creating an unreasonable risk of harm to the subject property;

6. failing to properly and adequately train, supervise and/or inspect the work of their employees;

7. failing to take actions and precautions which would have prevented the damage to the subject property as described;

8. failing to take all precautions necessary under the circumstances to safeguard the property from the risk of damage;

9. failing to safeguard all property affected by construction operations;

10. failing to shore up the common wall;

11. inadequately reinforcing plywood formwork at the location of the occurrence;

12. negligently pouring concrete; and

13. otherwise failing to use due care, as may be disclosed during the course of discovery.

30. The damage caused to the subject premises and Plaintiffs were a direct result of negligent and improper construction practices of the Defendants.

31. The Defendants' actions and practices were also unacceptable and inconsistent with the following industry standards, guidelines and codes:

> A) Section BC 3309 "Protection of Adjoining Party" of the 2008 New York City Building Codes which states, "3309.1 Protection Required-Adjoining public and private property shall be protected from damage during construction or demolition work. Protection must be provided for footings, foundation, party walls, chimneys, skylights and roofs. Provisions shall be made to control water run-off and erosion during construction or demolition activities."
>
> B) Section 3309.8-Adjoining Walls of the 2008 New York Building Codes which states, "When any construction or demolition operation exposes or breaches an adjoining wall, including load-bearing and non-load bearing walls as well as party walls and non-party walls, the person causing the construction or demolition shall, at his or her own expense, perform the following: Maintain the structural integrity of such walls, have a registered design professional investigate the stability and condition of the wall, and take all necessary steps to protect such wall…[and] During demolition operations, where the floor beams of the adjacent building bear on the party wall, the person causing the demolition shall ascertain that such beams are anchored into the wall and, where such anchorage is lacking, shall provide anchorage or otherwise brace the standing wall."

32. The foregoing acts and/or omissions of the Defendants directly and proximately caused the Plaintiffs to sustain substantial damages.

**WHEREFORE**, Plaintiffs demands judgment in its favor and against Defendants in an exact amount to be determined at trial and believed to be in excess of Six Hundred Thousand Dollars ($600,000.00), together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this court may order.

## AS AND FOR A SECOND CAUSE OF ACTION – NUISANCE

33. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 32 of the Complaint as if set forth in full herein.

34. Defendants' construction activities caused substantial interference with Plaintiffs' use and quiet enjoyment of the Subject Premises.

35. As a result of the nuisance, the Subject Premises was rendered unfit for habitation by Plaintiffs.

36. The foregoing acts and/or omissions of the Defendants directly and proximately caused the Plaintiffs substantial damages.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants in an exact amount to be determined at trial and believed to be in excess of Six Hundred Thousand Dollars ($600,000.00), together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this court may order.

## AS AND FOR A THIRD CAUSE OF ACTION - TRESPASS

37. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 36 of the Complaint as if set forth in full herein.

38. Plaintiff Robert Adelman was the lawful occupant of the Premises and at all relevant times had possession of the Premises.

39. During the course of the Project, Defendants caused their property and persons to intrude upon the Premises.

40. The Defendants, their agents and/or employees trespassed in that they were cited for causing the adjacent property at 133 East 36th St. to collapse, spill brick rubble and approximately two (2) cubic yards of concrete entered into the subject premises.

41. The Defendants, their employees, agents and their debris were not authorized by Plaintiffs to intrude upon the Premises.

42. Plaintiff was damaged by Defendants' trespasses.

43. The foregoing acts and/or omissions of the Defendants directly and proximately caused the Plaintiffs to sustain substantial damages.

**WHEREFORE**, , Plaintiffs demands judgment in its favor and against Defendants in an exact amount to be determined at trial and believed to be in excess of Six Hundred Thousand Dollars ($600,000.00), together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this court may order.

## AS AND FOR A FOURTH CAUSE OF ACTION – *RES IPSA LOQUITOR*

44. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 43 of the Complaint as if set forth in full herein.

45. The instrumentality that caused Plaintiffs' damages was in the exclusive control of the Defendants and the circumstances surrounding the occurrence were of such a nature that in the ordinary course of events it would not have occurred if Defendants had used reasonable care under the circumstances.

46. Accordingly, Defendants may be held liable for the damages sustained by Plaintiff and its subrogor pursuant to the doctrine of *res ipsa loquitur*.

**WHEREFORE,** Plaintiffs demands judgment in its favor and against Defendants in an exact amount to be determined at trial and believed to be in excess of Six Hundred Thousand Dollars ($600,000.00), together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this court may order.

Dated:  New York, New York
        March 7, 2011

                                    Respectfully submitted,

                                    HUBELL & ASSOCIATES LLC

              By:    _____
                                    Richard A. Hubell, Esq. (RAH 2306)
                                    Attorneys for Plaintiffs
                                    100 Park Avenue, 20th Floor
                                    New York, New York 10017
                                    (212) 682-7195

ORIGINAL-WHITE					DUPLICATE-YELLOW					TRIPLICATE-PINK

# RECEIPT FOR PAYMENT
# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF NEW YORK

E 931190

RECEIVED FROM  Hubell + Assoc  at  11cv1565 (Accts)

| Fund | |
|---|---|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| | General and Special Funds |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086400 | Filing Fees |
| 086900 | Filing Fees |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U.S. Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |
| 613300 | Unclained Monies |
| 510000 | Civil Filing Fee (½) |
| 510100 | Registry Fee |

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

DATE: _____ 20 ___    Cash [ ]  Check [X]  M.O. [ ]  Credit [ ]

DEPUTY CLERK: _____